UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES E. LEMPFERT, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:20-cv-105-HAB-SLC |
| | ) |
| ANDOVER MANAGEMENT | ) |
| CORPORATION, d/b/a IGC | ) |
| RESIDENTIAL MANAGEMENT, | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR CHANGE OF VENUE**

The Defendant, Andover Management Corporation ("Andover"), improperly named in the Complaint as Andover Management Corporation, d/b/a IGC Residential Management, requests that this Court transfer venue in this matter to the Hammond Division, pursuant to 28 U.S.C. §1404 and Fed.R.Civ.P. 12(b)(3).[1]  Venue is proper in Hammond as the transferee court, and transfer is warranted for the convenience of the parties and witnesses, and is in the interest of justice.

**Factual Background**

On January 29, 2020, the Plaintiff filed his Complaint in the Superior Court for DeKalb County, located in Auburn, Indiana.  *D.E. 5.*  The face of the Complaint makes allegations against Andover under the Americans With Disabilities Act (42 U.S.C. §12101 *et seq*.) and the Family and Medical Leave Act (29 U.S.C. §2601 *et seq*.), raising a federal question for purposes of Defendant's Notice of Removal.  As shown in Exhibit F to the Notice of Removal, Andover's

---

[1] Pursuant to the requirements of Fed.R.Civ.P. 12(b), in addition to improper venue under Fed.R.Civ.P. 12(b)(3), the Defendant also asserts herein its affirmative defenses contained in Rule 12 as specified in its soon to be contemporaneously filed answer, including without limitation 12(b)(6), failure to state a claim (for the lack of pleading the requisite elements of the claims advanced under the standards in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); the absence of administrative exhaustion; and the inapplicability of the two statutes cited in the Complaint despite Plaintiff's conclusory allegations).

State Corporate Report (also publicly available on the Indiana Secretary of State website[2]), Andover is an Indiana domestic corporation, with its principal office address and "nerve center" located in Merrillville, Indiana, in Lake County. *D.E. 1-6.* As such, the location of witnesses for the Defendant renders this matter more conveniently tried in Hammond, a factual basis for transferring venue in addition to the statutory bases set out below.

To substantiate its defense, Andover will have to rely heavily on the testimony of its witnesses employed and located in Merrillville, Indiana, within Lake County. Plaintiff's claims hinge upon his treatment by Andover and the employment decisions made. The witnesses responsible for those crucial decisions are located in Lake County. The individuals working for Andover in Merrillville would most likely be able to verify the accuracy or inaccuracy of the representations made by the Plaintiff. Moreover, the individuals located in Lake County will be able to provide testimony on the reasonable bases for Andover's decisions pertinent to this matter. *See Exhibit A, Affidavit of Jon Hicks.* Plaintiff relies upon his own testimony regarding what employment actions he took and why, and any requests made, and thus, there are likely not even a handful of knowledgeable witnesses in the Fort Wayne area. Plaintiff cannot demonstrate that any other witnesses located there are pertinent or material to his case.

### Argument

A.   **Standard of Review**

Venue is "designed to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." Utterback v. Trustmark Nat'l Bank, 716 F. App'x 241, 244 (5th Cir. 2017) (*citing* Leroy v. Great W. United Corp., 443 U.S. 173, 183–84 (1979) (emphasis

---

[2] Andover incorporates herein the Exhibits to its Notice of Removal, which establish that this matter would properly be venued in the Hammond Division, among other things. *D.E. 1, 1-6, 1-8.*

in original)). "There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'" Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir.1998) (*quoting* Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir.1987)). Indeed, a transfer of venue may be properly made upon a party's motion or by the Court *sua sponte.* Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Lead Industries Association, Inc. v. OSHA, 610 F.2d 70, 79 n.17 (2d Cir. 1979); *15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3844* (3d ed. 2018).

### B. A Transfer of Venue is Warranted Here

"Before a district court will entertain a motion to transfer, the moving party must demonstrate that: 1) venue is proper in the transferor court; 2) venue is proper in the transferee court; and 3) the transfer is for the convenience of the parties and witnesses, in the interest of justice." Paul v. Lands' End, Inc., 742 F. Supp. 512, 513 (N.D. Ill. 1990); 28 U.S.C. § 1404(a) (court may transfer venue to another district or division for reasons of convenience when it is in the interest of justice). In deciding a motion to transfer venue, courts consider these statutory factors "in light of all the circumstances of the case." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir.1986) (citations omitted). Section 1404(a) does not indicate the relative weight to afford to each of these factors; this is left to the discretion of the district court. *Id.* at 219, n. 3. Weighing these relevant factors "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219; *see also* Van Dusen v. Barrack, 376 U.S. 612, 622 (1964) (the remedial purpose of § 1404(a) requires "individualized, case-by-case consideration of convenience and fairness").

Here, the transferee forum of Hammond is more convenient. In determining which forum is more convenient and whether a transfer promotes justice, the parties' private interest and the

3

court's public interest are both properly considered. Coll. Craft Cos., Ltd. v. Perry, 889 F.Supp. 1052, 1054 (N.D.Ill.1995).

Venue for this matter properly lies in the Hammond Division, pursuant to 28 U.S.C. §§ 1391(b)(2), 1404(a). Removal to the Fort Wayne's division was necessitated by 28 U.S.C. § 94, which provides that DeKalb County is encompassed by the Fort Wayne Division of Indiana's District Court for the Northern District of Indiana. The Plaintiff alleges that he now resides in Auburn, Indiana. However, now that the Notice of Removal has been filed, a change of venue is warranted under 28 U.S.C. §§ 94, 1404(a) because the Defendant is located in Lake County, its primary witnesses are located there, and the Plaintiff worked at various locations while employed by Andover. Plaintiff cannot demonstrate that his witnesses, if any, in the Fort Wayne are critical, or even material, to his case.

Finally, the interest of justice also supports a change of venue to Hammond. Andover's location creates significant contacts with the Hammond Division, with its principal business office in Merrillville. The documentation pertinent to employment decisions involving the Plaintiff would have emanated from the Merrillville location. Limiting travel at this stage not only for efficient resolution but also to protect the interests of the parties likewise weighs in favor of transfer to Hammond.

Section 1404(a) of Title 28 of the U.S. Code provides that: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought ..." Any party may properly request a change of venue under §1404. American Standard, Inc. v. Bendix Corp., 487 F.Supp. 254, 260 (W.D.Mo. 1980).

This Court has the power to transfer venue to those districts or divisions where the case "might have been brought." 28 U.S.C. §1404(a); American Standard, 487 F.Supp. at 261. The crucial factor in ascertaining proper venue is the convenience of witnesses. Hotel Constructors, Inc. v. Seagrave Corp., 543 F.Supp. 1048, 1051 (N.D. Ill. 1982); Schmidt v. Leader Dogs for the Blind, Inc., 544 F.Supp. 42, 48 (E.D.Pa. 1982); Capitol Cabinet Corp. v. Interior Dynamics, Ltd., 541 F.Supp. 588, 591 (S.D.N.Y. 1982). Various "private interests" affect this convenience analysis, including: "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease and access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in the respective forums." Law Bulletin Publ'g, Co. v. LRP Publications, Inc., 992 F.Supp. 1014, 1017 (N.D.Ill.1998) (citations omitted).

This is not simply a case of venue being inconvenient for someone no matter where the case is ultimately handled. Rather, the crucial witnesses and pertinent facts implicate Lake County, Indiana. The Defendant's principal offices are located there, rendering Hammond the proper venue. Fort Wayne would be an improper venue for Defendant Andover, whose principal offices are nearly three (3) hours away. The Defendant was already forced to pay the federal filing fee by virtue of removal. Its lead corporate witnesses are located far from Fort Wayne. It did not choose to initiate this lawsuit. Given all this, the equities favor giving Defendant's office location as well as the location of its principal witnesses the greatest deference in ascertaining proper venue. The "interest of justice" component of a venue determination embraces the need for judicial economy. This includes such considerations as the speed at which the case will proceed to trial and is served more efficiently when the case is litigated closer to the action. Paul v. Lands' End, Inc., 742 F.Supp. 512, 514 (N.D.Ill.1990).

**Conclusion**

Transfer will facilitate convenience for the parties and witnesses and is in the interests of justice. As such, the pertinent standards for a transfer of venue are satisfied here.  Venue in this matter should be transferred to the Hammond Division for the District Court for the Northern District of Indiana.

WHEREFORE, the Defendant, Andover Management Corporation, improperly named in the Complaint as Andover Management Corporation, d/b/a IGC Residential Management, requests that this Court transfer venue in this matter to the Hammond Division, and requests all other just and proper relief.

Respectfully submitted,

**KORANSKY, BOUWER & PORACKY, P.C.**

By:     /s/ Karol A. Schwartz
Karol A. Schwartz (#24679-45)
Greg Bouwer (#16368-53)
*Attorneys for Defendant*
425 Joliet Street, Suite 425, Dyer, Indiana 46311
Phone: (219) 865-6700 Fax: (219) 865-5840
gbouwer@kblegal.net kschwartz@kblegal.net

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2020, I caused to be filed, electronically, the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to each attorney as disclosed by the Court's record.  A copy of said filing may also be viewed at www.innd.uscourts.gov.

By:     /s/ Karol A. Schwartz
Karol A. Schwartz (#24679-45)