# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| JAMES LEMPFERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Cause No. 1:20-CV-105-HAB-SLC |
| | ) |
| ANDOVER MANAGEMENT CORP, d/b/a | ) |
| IGC RESIDENTIAL MANAGEMENT, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FOR CHANGE OF VENUE

Plaintiff, by counsel, responds to and opposes Defendant's Motion for Partial Dismissal and Motion for Change of Venue for the reasons stated below.

A. Defendant's Motion for Partial Dismissal should be overruled and denied.

1. Plaintiff was encouraged to apply for FMLA leave for a serious health condition (Lempfert Aff. ¶ 4). Defendant's Employee Handbook provides FMLA time off to its employees. (Def. Ex. A/Memo., Partial Motion to Dismiss.) Plaintiff informed Defendant of his serious health condition (panick attacks and anxiety); Defendant told Plaintiff that he would receive FMLA leave and told him to turn in the form with fifteen (15) days (Lempfert Aff. ¶ 4); Defendant requested that Plaintiff submit the FMLA papers (Lempfert Aff. ¶ 4). Plaintiff relied upon these representations and tendered the FMLA paperwork believing that he would be granted FMLA time off based upon Defendant's actions. After Plaintiff submitted his FMLA paperwork, he was terminated for pretextual reasons (Lempfert Aff. ¶ 5).

2. Under these facts, Defendant is equitably estopped to assert that it was not a qualified

employer under the FMLA. "FMLA by estoppel" has been recognized by many courts. Minard v. ITC Deltacom Communications, Inc., 447 F.3d 352 (5th Cir. 2006); Tilley v. Kalamazoo County Road Commission, 777 F.3d 303 (6th Cir. 2015); Nagle v. Acton-Boxborough Reg. School Dist., 576 F.3d 1 (1st Cir. 2009); Woodford v. Comm. Action of Green County, Inc., 268 F.3d 51 (2nd Cir. 2001); Dormeyer v. Comerica Bank – Ill., 223 F.3d 579 (7th Cir. 2000); Reed v. Lear Corp., 556 F.3d 674 (8th Cir. 2009). Because Defendant is equitably estopped from asserting that it was not a qualified "employer" under the FMLA, Defendant's Motion for Partial Dismissal must be denied.

B. Defendant's Motion for Change of Venue must be denied.

3. Defendant claims that this Court should transfer venue to the Hammond Division, because Defendant's principal office is in Merrillville Indiana (Def. Memo., p. 1-2). This is odd on its face since Defendant removed this case from state court to the Fort Wayne Division. What Andover Management overlooks in attempting to change venue is:

   a. All of the events, conversations, and interactions between Plaintiff and Defendant occurred in Fort Wayne Indiana (Lempfert Aff. ¶ 3).

   b. Plaintiff resided at 6501 Reed Road, Apt. 308, Fort Wayne, Indiana 46835 (Lempfert Aff. ¶ 3).

   c. Plaintiff Supervisor, Ashley Voorheis, also resided in Fort Wayne Indiana at all material times to this case (Lempfert Aff. ¶ 3).

   d. The primary individual for Defendant Andover Management with whom

Plaintiff dealt and conversed regarding his employment was Ashley Voorheis, his Supervisor, and these interactions occurred in Fort Wayne Indiana (Lempfert Aff. ¶ 3).

    e.  Plaintiff signed a Lease Agreement at Fountain Lake Apartments in Fort Wayne Indiana (Lempfert Aff. ¶ 3).

    f.  Plaintiff filled out and submitted FMLA paperwork in Fort Wayne Indiana (Lempfert Aff. ¶ 4).

    g.  Plaintiff's medical providers are located in Fort Wayne Indiana.

4.  Accordingly, all of the occurrences, incidents and transactions, as well as the location of all witnesses, are in Fort Wayne Indiana, and therefore, the present venue is appropriate. Defendant's Motion for Change of Venue must be overruled and denied.

WHEREFORE, Plaintiff prays that the Court will deny Defendant's Motion for Partial Dismiss and Motion for Change of Venue, and grant all other just and proper relief in the premises.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
E-mail: cmyers@myers-law.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby swears that a true and correct copy of the foregoing document was served via the electronic case filing system on this 22nd day of April 2020.


/s/ Christopher C. Myers