**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JAMES E. LEMPFERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Cause No. 1:20-CV-105-HAB |
| | ) |
| ANDOVER MANAGEMENT CORP., | ) |
| d/b/a IGC RESIDENTIAL | ) |
| MANAGEMENT, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This employment action was originally filed in Dekalb County, Indiana, and then removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a). Defendant now presents two requests to the Court. First, Defendant asks that this matter be transferred to the Hammond Division under 28 U.S.C. § 1404, claiming that its principal place of business and its primary witnesses are all located in Lake County, Indiana. Second, Defendant asks this Court to dismiss Plaintiff's FMLA claims, alleging that Plaintiff is not an "eligible employee" under the Act. Plaintiff objects to both requests. For the reasons set forth below, this matter will continue to pend in the Fort Wayne Division *sans* Plaintiff's FMLA claim.

**A.     Factual and Procedural Background**

Plaintiff filed his Complaint (ECF No. 5) on January 29, 2020, in the Dekalb Superior Court. Plaintiff alleged claims under both the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). According to the Complaint, Plaintiff suffers from panic attacks and anxiety that necessitated medical leave in June 2019. Plaintiff alleges that, on the date he was scheduled to return from leave, he was terminated for "pre-textual reasons." He

claims that the actual reasons for his termination were his "disability/perceived disability/record

of impairment," and retaliation for requesting and taking leave under FMLA.

Defendant's principal office and "nerve center" is in Merrillville, Indiana, which is in Lake

County. According to Defendant, the witnesses responsible for the decisions relating to Plaintiff's

termination are in Lake County. For his part, Plaintiff claims that all relevant events took occurred

in Fort Wayne, that his supervisor (with whom he discussed his FMLA leave) lives in Fort Wayne,

and the witnesses who will substantiate his disability are in Fort Wayne.

**B.** **Legal Analysis**

**1.** *Venue*

As Defendant correctly notes, 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district
> court may transfer any civil action to any other district or division where it might
> have been brought or to any district or division to which all parties have consented.

Under this statute, district courts must weigh, "among other factors, the convenience of the

witnesses and the parties, the costs of the transfer, the public interest involved and any special

circumstances present in the case." *F.T.C. v. MacArthur*, 532 F.2d 1135, 1143 (7th Cir. 1976).

While the parties dispute whether Fort Wayne or Hammond best suits this case, the Court

finds the procedural history dispositive. Had Defendant wished to try this case in northwest

Indiana, it could have sought transfer in state court from Dekalb to Lake County. Ind. R. Trial P.

75. This would not have waived Defendant's right to remove the action to federal court, s*ee Perez*

*v. Air and Liquid Sys. Corp.*, 223 F. Supp. 3d 756, 760 (N.D. Ill. 2016) (collecting cases), and

Defendant could have then removed the action to Hammond directly under § 1441(a). But this is

not what Defendant did. Instead, Defendant, not Plaintiff, chose Fort Wayne as the federal venue

for this case when it filed its notice of removal. Having done so, it waived its objection to venue

in the Fort Wayne Division. *Cucciarre v. New York Cent. & H.R.R. Co.*, 163 F. 38, 41 (7th Cir. 1908). Accordingly, venue will remain in the Fort Wayne Division.

**2.     *Dismissal of FMLA Claims***

Although captioned a motion to dismiss under Fed. R. Civ. P. 12(b)(6), both parties have submitted evidence for the Court's consideration rendering Defendant's motion one for summary judgment under Rule 56. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne*

*v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Additionally, a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

The basis for Defendant's motion is the definition of "eligible employee" used in FMLA; more specifically, an exclusion to that definition. The term does not include "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii). According to an affidavit submitted by Defendant, Plaintiff falls into this excluded category. (*See* ECF No. 10-1). Since one must be an "eligible employee" to bring a claim for FMLA interference or retaliation, *Burnett v. LFW, Inc.*, 472 F.3d 471, 477 (7th Cir. 2006), Defendant asserts that any FMLA claim must be dismissed.

Plaintiff does not dispute Defendant's facts on this point or claim that he meets the definition of an "eligible employee" under 29 U.S.C. § 2611. Instead, he claims that Defendant is estopped from asserting that it was not a qualified employer, entitling Plaintiff to "FMLA by estoppel." (ECF No. 17 at 2). Plaintiff asserts that Defendant offers FMLA to its employees, that he was told he would receive FMLA leave, and that he relied on Defendant's representations and submitted requested FMLA paperwork believing he would be granted FMLA leave. (*Id*. at 1).

The problem for Plaintiff is that, while several federal circuits recognize his estoppel theory, the Seventh Circuit does not. Instead, the Seventh Circuit has either left the availability of equitable FMLA rights open, *see Dormeyer v. Comerica Bank-Ill.*, 223 F.3d 579, 582 (7th Cir. 2000) and *Peters v. Gilead Sci., Inc.*, 533 F.3d 594, 598–99 (7th Cir. 2008), or rejected FMLA estoppel claims, *Darst v. Interstate Brands Corp*., 512 F.3d 903, 911 (7th Cir. 2008). If the Seventh Circuit has not seen fit to create an equitable avenue to FMLA's statutory rights, this Court is not

4

inclined to do so on its behalf. Since it is undisputed that Plaintiff is not otherwise eligible for FMLA benefits, Plaintiff's FMLA claims will be dismissed.

**C.      Conclusion**

For the foregoing reasons, Defendant's Motion for Change of Venue (ECF No. 11) is DENIED. Defendant's Partial Motion to Dismiss (ECF No. 9) is GRANTED.

SO ORDERED on May 5, 2020.

         s/ Holly A. Brady
         JUDGE HOLLY A. BRADY
         UNITED STATES DISTRICT COURT